IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MANUEL LOPEZ BENITEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 25 CV 13045 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| BRANDON CROWLEY, Jail Commander for Clay County Jail,[1] | ) ) ) | |
| Respondent. | ) | |

## ORDER

The Court has reviewed the Respondent's response to the amended petition for habeas corpus, (Dckt. #12)—in which Respondent simply attaches and relies upon a brief submitted in a matter previously before this Court, *Patel v. Crowley*, No. 25 C 11180—and finds that no further briefing on the petition is required.

For the reasons set forth in detail in this Court's Opinion in *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D.Ill. Oct. 24, 2025), Petitioner's detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"), and the Court thus grants the amended petition for writ of habeas corpus, (Dckt. #7).[2] Specifically, the Court finds that: (1) the Court has jurisdiction over the petition, *see id.* at \*\*2–3; (2) the ripeness doctrine does not bar adjudication of the petition, *see id.* at \*\*3–4; (3) Petitioner is detained under Section 1226(a) of the INA rather than Section 1225(b)(2), *see id.* at \*\*4–9; and (4) Petitioner is not required to exhaust his administrative remedies because doing so would be futile, *see id.* at \*9. In light of these findings, the Court need not separately address whether Petitioner's detention without a bond hearing violates his due process rights or whether his arrest was made in violation of the consent decree in *Castanon-Nava v. DHS*, No. 18 C 3757 (N.D. Ill.). *See Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at \*4 (N.D.Ill. Oct. 31, 2025) ("The Court declines to consider whether Petitioner is entitled to relief under the *Castañon Nava*

---

[1] Respondent represents that petitioner has been transferred to Clay County Jail in Brazil, Indiana, which appears to be under the purview of Brandon Crowley. Because Crowley is petitioner's immediate custodian, the Court substitutes him as Respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d). Moreover, Respondent has confirmed that petitioner was in custody in Illinois when he filed his petition and, as such, "the Court may properly hear the petition regardless of his subsequent transfer." *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at \*1 (N.D.Ill. Nov. 3, 2025).

[2] Petitioner's initial petition for habeas corpus, (Dckt. #1), and motion for TRO, (Dckt. #4) are terminated as moot.

agreement and notes that there is a process by which individuals can seek to join the *Castañon Nava* class.").[3]

      Within five days of this order, Respondent must either: (1) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying—by clear and convincing evidence of dangerousness or flight risk—Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. The parties shall file a joint status report by 11/19/25 that updates the court on Petitioner's release status, including whether and when a bond hearing was held, and informs the court, in detail, the reasons for the Immigration Judge's decision. The 11/7/25 status hearing is stricken. Tracking status hearing set for 11/24/25 at 8:30 a.m. (to track the case only, no appearance is required).

**Date: November 7, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[3] *See also*, Referral Form: Castanon Nava Settlement Violations, available at https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last visited Nov. 7, 2025).